[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10521

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00162-CV-CC-1


BELLSOUTH TELECOMMUNICATIONS, INC.,

                                    Plaintiff-Appellee,

                    versus

GEORGIA PUBLIC SERVICE COMMISSION,
STAN WISE, in his official capacity as Chairman
of the Georgia PSC, et al.,

                                    Defendants-Appellees,

COMPETITIVE CARRIERS OF THE SOUTH, INC.,

                            Intervenor-Defendant-Appellant.

_____

No. 08-10522

_____

D. C. Docket No. 06-00972-CV-CC-1

COMPETITIVE CARRIERS OF THE SOUTH, INC.,

                                    Plaintiff-Appellant,

versus

GEORGIA PUBLIC SERVICE COMMISSION,
STAN WISE,
in his official capacity as Chairman of the
Georgia PSC, et al.,

                                                    Defendants-Appellees,

BELLSOUTH TELECOMMUNICATIONS, INC.,

                                        Intervenor-Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(January 26, 2009)

**REVISED OPINION**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Competitive Carriers of the South, Inc. (CompSouth) appeals the district

court's grant of declaratory and injunctive relief to BellSouth

Telecommunications, Inc. (BellSouth), and the district court's denial of

declaratory and injunctive relief to CompSouth.  Both BellSouth and CompSouth

brought actions seeking declaratory and injunctive relief from orders of the

2

Georgia Public Service Commission (PSC).  These actions were consolidated in the district court because they turned on a common question of law–namely, whether the PSC has authority to implement 47 U.S.C. § 271.  These cases have also been consolidated in the present appeal.

In the PSC orders, the PSC asserted its authority to implement 47 U.S.C. § 271 and required BellSouth to charge certain regulated rates to satisfy § 271. The district court concluded the PSC lacks authority pursuant to either federal or state law to implement 47 U.S.C. § 271.  Moreover, the district court found the PSC lacks authority to set rates for facilities and services required under § 271. After the benefit of oral argument, and reviewing the record and the parties' briefs, we agree and affirm for the reasons stated in the district court's well-reasoned order, which is published at 587 F. Supp. 2d 1258 (N..D. Ga. 2008).

**AFFIRMED.**